Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 7616 | **DATE** | 10/31/2001 |
| **CASE TITLE** | David E. Crooke vs. Value City Furniture | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter MEMORANDUM, OPINION AND ORDER: For the foregoing reasons, we find that issues of material fact are present, which preclude the entry of summary judgment in Value City Furniture's favor. Since a rational juror could permissibly infer that the plaintiff's attempt to exercise FMLA leave was a factor in his discharge, defendant's motion for summary judgment [18-1] is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| ✓ | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |

courtroom deputy's initials: TSA

number of notices

date docketed: NOV 0 2 2001

docketing deputy initials

date mailed notice

01 NOV -2 AM 8:18

Date/time received in central Clerk's Office

mailing deputy initials

Document Number

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DAVID E. CROOKE, )
)
          Plaintiff, )
) No. 99 C 7616
v. )
) Judge Wayne R. Andersen
VALUE CITY FURNITURE, a division )
of Schottenstein Stores, Inc., an Ohio )
corporation, )
)  DOCKETED
) NOV 0 2 2001
          Defendant. )

## MEMORANDUM OPINION AND ORDER

This case is before the court on the motion of the defendant Value City Furniture for summary judgment. For the following reasons, we deny the motion for summary judgment.

## BACKGROUND

Plaintiff began working for Value City Furniture in 1988, and in 1995 he became the store manager of the Value City store in Bridgeview, Illinois. The Bridgeview store moved to Burbank, Illinois in 1997, and the plaintiff remained store manager. In April of 1999, the plaintiff informed Larry Brishaber, Value City's Vice President of Store Operations, that his father was seriously ill. When asked if he needed to apply for FMLA leave, Brishaber told the plaintiff that formal leave would not be necessary and he could take the time off he needed. The plaintiff returned to work on April 26, 1999 after approximately three weeks. During that three week period, Value City gave the plaintiff full salary and benefits.

On April 30, 1999, the plaintiff received a letter from the International Brotherhood of Teamsters indicating the union was conducting a union organizing campaign at the Burbank store.

On May 7, 1999, the plaintiff told John Miller, the Assistant Director of Human Resources, that due to the deteriorating health of his father, the plaintiff needed to be in Phoenix on May 24, 1999 for the closing on his parent's home. On May 14, 1999, the plaintiff met with Brishaber and Miller. During the meeting, Miller and Brishaber informed the plaintiff that he was being placed on administrative leave while they explored other job positions for him within the company. Miller and Brishaber told the plaintiff to turn in his office keys and cell phone at the meeting. The plaintiff was on paid administrative leave from May 14, 1999 to June 7, 1999. On May 14, 1999 another individual took over the manager duties of the Burbank store.

Value City offered the plaintiff a store manager position, at half the salary of the Burbank position, in Benwood, West Virginia. Rather than accept the Benwood position, the plaintiff applied for and received unpaid FMLA leave from June 8, 1999 until August 31. 1999. Upon returning from leave, Value City assigned the plaintiff to manage a Value City store in Monroeville, Pennsylvania at half the salary of the Burbank position. Miller informed the plaintiff that he must either accept the Monroeville manager position or his employment would end. The plaintiff refused the position, and his employment with Value City ended on or about October 7, 1999.

## **DISCUSSION**

The court will grant summary judgment when "the pleadings, deposition, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there

is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P.56(c). The Court will not render summary judgment if a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The mere possibility of a factual dispute is not enough to defeat a summary judgment motion. Id. at 250; Waidridge v. American Hoechst Corp., 24 F.3d 918, 920 (7th Cir. 1994).

We deny the motion for summary judgment because several issues of material fact exist. Among the relevant facts that are disputed are the following:

1. Whether Value City retaliated against the plaintiff for attempting to exercise his FMLA rights by removing him as manager of the Burbank store and placing him on administrative leave on May 14, 1999.

    a. Whether the plaintiff contributed to the employee dissatisfaction that led to the union letter.
    b. Whether the plaintiff actively participated in Value City's efforts to resist the union campaign.
    c. Whether the plaintiff was successfully managing the Burbank store prior to May 14, 1999.

2. Whether Value City interfered with the plaintiff's right to exercise FMLA leave prior to June 8, 1999.

    a. Whether the plaintiff requested FMLA leave on May 7, 1999.
    b. Whether Value City interfered with the plaintiff's right under FMLA by placing him on administrative leave on May 14, 1999.

## CONCLUSION

For the foregoing reasons, we find that issues of material fact are present, which preclude the entry of summary judgment in Value City Furniture's favor. Since a rational

3

juror could permissibly infer that the plaintiff's attempt to exercise FMLA leave was a factor in his discharge, defendant's motion for summary judgment is denied.

Wayne R. Andersen
United States District Judge

Dated: October 3, 2001